UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DEANTHONY A. NASH,

         Petitioner,

v.                                                           Case No. 08-CV-202

RANDALL R. HEPP,

         Respondent.

_____

## ORDER

On March 7, 2008, petitioner DeAnthony A. Nash ("Nash") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 5, 2005 conviction of first degree sexual assault of a child. Nash pled no contest to the charged offense in Milwaukee County Circuit Court, and he is currently confined at the Jackson Correctional Institution. The court will review Nash's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Nash's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation is tolled pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(B)-(D). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The one-year limitation period may be equitably tolled if a state prisoner encounters some impediment other than those covered in Sections 2244(d)(1)(B)-(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

Here, it appears Nash's petition is timely. According to the information provided in his federal habeas petition, Nash's conviction will become final on May 21, 2008, which is 90 days after the Wisconsin Supreme Court denied Nash's petition for review. Thus, the one-year limitation period did not even begin to run before Nash filed his federal habeas petition. Therefore, by the court's calculation,

Nash filed his petition within the one-year limitation period mandated by Section 2244(d)(1).

The court continues its Rule 4 review by examining Nash's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears from the face of Nash's federal habeas petition he has exhausted his state remedies. Nash raises six claims in his petition. Nash claims: (1) he was denied due process of law when he was denied the right to directly

appeal his conviction in state court; (2) the court that convicted him lacked subject-matter jurisdiction; (3) the court that convicted him failed to conduct his probable cause hearing within forty-eight hours; (4) his trial counsel provided ineffective assistance; (5) his conviction was secured by the use of false evidence; and (6) his case constituted a malicious prosecution and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) violations occurred. Nash attached to his petition the state court decisions, and a review of these decisions suggests that he presented these claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court for a ruling on the merits.

The court next reviews Nash's petition under Rule 4 to determine whether his claims have been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a

-4-

Case 2:08-cv-00202-JPS   Filed 03/10/08   Page 4 of 7   Document 4

constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999.

Here, the court concludes Nash's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Nash's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Nash's claims are frivolous or speculative, the court will direct the respondent to file an answer to the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Finally, in connection with his petition, Nash filed a petition to proceed in forma pauperis. The court will deny Nash's request for leave to proceed in forma pauperis.

-5-

Nash indicates that his monthly income amounts to $32.50. Nash has not shown that he lacks funds to pay the nominal $5 filing fee. *See Ware v. Page*, No. 97-C-260, 1997 WL 43201, at *1 (N.D. Ill. Jan. 27, 1997) (noting that "this Court has yet to encounter a prisoner who is unable to muster up the extraordinarily modest $5 fee for a section 2254 petition"). Nash shall pay the $5 fee to the clerk of this court within thirty (30) days from the date of this order or his petition will be dismissed without prejudice and without further notice of the court.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis (Docket # 3) be and the same is hereby **DENIED**; the petitioner shall pay the $5 fee within thirty (30) days from the date of this order or his petition will be dismissed without prejudice and without further notice of the court;

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's

brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge