# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DEANTHONY A. NASH,

                    Petitioner,

      v.                                                 Case No. 08-CV-202

RANDALL R. HEPP,
Warden, Jackson Correctional Institution,

                    Respondent.

_____

# ORDER

On August 1, 2008, petitioner DeAnthony Nash ("Nash") filed a Rule 59(e) motion for reconsideration of this court's judgment dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 24, 2008, the court dismissed Nash's § 2254 petition challenging his October 5, 2005 conviction for first degree sexual assault of a child. The court concluded that Nash's petition was successive and dismissed the petition for want of jurisdiction. Nash argues that his petition was wrongfully dismissed because his prior § 2254 petition challenged a separate conviction. The government agrees with Nash's conclusion and urges the court to grant Nash's motion. The court finds that Nash's petition was dismissed in error and grants Nash's Rule 59(e) motion for reconsideration of judgment.

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). However, a court may only alter or amend a judgment if the petitioner can demonstrate a manifest error of law or present newly-

discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

Prisoner litigants are prohibited from filing second or otherwise successive petitions for habeas corpus without the permission of the court of appeals. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (citing 28 U.S.C. § 2244(b)(3)). The Antiterrorism and Effective Death Penalty Act of 1996 compels a district court to dismiss a prisoner's successive claim if the court of appeals has not given this approval under § 2254(b)(3). *Beyer v. Litscher*, 306 F.3d 504, 507 (7th Cir. 2002); 28 U.S.C. § 2254(b). However, a prisoner is entitled to one free-standing collateral attack *per* judgment. *Id.* (emphasis added).

Nash filed two habeas corpus petitions prior to filing the March 7, 2008 petition at issue in this case. *Nash v. Hepp*, Case No. 05-MC-0064; *Nash v. Hepp*, Case No. 06-CV-0254. However, Nash's previous petitions did not challenge the same conviction as his current petition. Nash's March 7, 2008 petition for writ of habeas corpus challenges his 2005 conviction for first-degree sexual assault of a child. In contrast, *Nash v. Hepp*, Case No. 06-CV-0254, is a petition for writ of habeas corpus attacking Nash's conviction for manufacturing/delivery of a controlled substance. Nash's other filing, *Nash v. Hepp*, Case No. 05-MC-0064, does not constitute a petition for writ of habeas corpus because the docket includes only a "Motion for Extension of Time to File Petition for Writ of Habeas Corpus" and does not include an actual petition.

-2-

Based on a review of these prior petitions, the court concludes that Nash did not previously file a petition for writ of habeas corpus challenging his first-degree sexual assault of a child conviction. Therefore, the instant petition is not successive and Nash is entitled to file it because he has not yet challenged the conviction. *See Beyer*, 306 F.3d at 507. As a result, the court does not lack jurisdiction and Nash's petition was wrongly dismissed. Thus, the court will grant Nash's Rule 59(e) motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Nash's Rule 59(e) motion for reconsideration of judgment (Docket #20) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-