UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DeANTHONY A. NASH,

    Petitioner,

v.                 Case No. 08-CV-202

RANDALL R. HEPP,

    Respondent.

## ORDER

Petitioner DeAnthony Nash ("Nash") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 7, 2008. His petition was initially dismissed for want of jurisdiction based on successive habeas filings. However, Nash filed a motion for reconsideration alleging that the petition was not successive because it challenged a separate conviction not addressed in his prior petitions. The court agreed and granted his motion, reinstating the action. Nash's petition challenging his state conviction for first degree sexual assault of a child is now before the court. For the reasons stated below, the court is obliged to deny Nash's § 2254 petition for a writ of habeas corpus.

## BACKGROUND

Nash pleaded "no contest" to one count of first-degree sexual assault of a child in Milwaukee County Circuit Court on October 5, 2005. The charge arose out of Nash's sexual touching of his step-sister's daughter, who was twelve years old at the time of the assault. After accepting Nash's plea, the court immediately

sentenced him to three years of initial confinement and five years of extended supervision.

Nash filed a post-conviction motion alleging that the court lacked subject matter jurisdiction and alleging that he suffered a Fourth Amendment violation because a probable cause hearing was not conducted within forty-eight hours of his arrest. The circuit court responded by denying the motion based on waiver and the motion's failure to set forth a basis for relief. Nash next filed a request for clarification of the court's decision and order, which the court construed as a motion for reconsideration and similarly denied. Nash filed an appeal following denial of his second motion.

The Wisconsin Court of Appeals construed the filing as an appeal from a Wisconsin statute § 974.06 post-conviction order, rather than construing it as a direct appeal. Nash raised five claims in this appeal, including: 1) that the circuit court lacked subject matter jurisdiction; 2) that the circuit court failed to conduct his probable cause hearing within forty-eight hours; 3) that his trial counsel provided ineffective assistance; 4) that his case constituted malicious prosecution; and 5) that *Brady v. Maryland* violations occurred. The Wisconsin Court of Appeals affirmed the circuit court's order on September 18, 2007. The appellate court decided against Nash on each of his claims, reasoning that his first claim lacked merit, his second claim had been waived by entry of his "no contest" plea, and his third, fourth, and fifth claims lacked the "necessary specificity to assert these claims on appeal." *State v. Nash*, 2007 WI App 230, ¶ 2, 306 Wis.2d 126, 740 N.W.2d 902. Nash

subsequently petitioned the Wisconsin Supreme Court for review, which was denied on February 21, 2008. Nash filed the instant petition for a writ of habeas corpus approximately two weeks later, on March 7, 2008.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under the statute, a federal court may grant such a writ when a petitioner is held in custody under a state court decision in violation of the United States Constitution. *Corcoran v. Buss*, 551 F.3d 703, 708 (7th Cir. 2008). A federal court will grant a writ of habeas corpus only if the state court's decision: 1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id*.

Nash's claims do not warrant the grant of a writ of habeas corpus because he cannot establish either an unreasonable application of federal law or an unreasonable determination of the facts. Nash raises the following seven claims in his petition: 1) the state court lacked subject matter jurisdiction; 2) he did not receive a probable cause hearing within forty-eight hours of his arrest; 3) ineffective assistance of trial counsel; 4) he was convicted based on false and coerced victim statements; 5) malicious prosecution; 6) *Brady* violations; and 7) a due process violation arising from counsel's failure to file a notice of post-conviction relief or appeal. The court will address each argument in turn.

**Claim 1: Lack of Subject Matter Jurisdiction Claim**

Nash first argues that the Wisconsin statute under which he was convicted, Wis. Stat. § 948.02, sexual assault of a child, was improperly enacted and unconstitutional because the statute does not include enacting clause language required by the state constitution. Thus, he concludes, the state circuit court lacked subject matter jurisdiction over his prosecution. Article IV, section 17 of the Wisconsin Constitution requires that: "The style of all laws of the state shall be 'The people of the state of Wisconsin, represented in senate and assembly, do enact as follows.'" Wis. Const. art. IV, § 17(1).

However, contrary to Nash's assertions, the aforementioned enacting language does precede Wisconsin statute § 948.02. The sexual assault of a child statute was created by 1987 Wisconsin Act 332, Section 55. Act 332's text includes the enacting language immediately following its introductory paragraph. 1987 Wis. Sess. Laws, Vol. 2 (July 1988). As a result, Nash's argument that the state circuit court lacked subject matter jurisdiction is based on an incorrect premise. Wisconsin statute § 948.02 was properly enacted, thus, the state circuit court exercised appropriate jurisdiction over his prosecution. Therefore, the Wisconsin Court of Appeals' finding to this effect cannot be an unreasonable determination of the facts and Nash's claim fails.

**Claim 2: Probable Cause Hearing Claim**

Nash next argues a violation of his rights resulting from the state's failure to conduct a probable cause determination within forty-eight hours of his arrest. Nash

cites the United States Supreme Court case *County of Riverside v. McLaughlin* for the proposition that states must provide a determination of probable cause as a condition for pretrial confinement no later than 48 hours after an arrest. 500 U.S. 44, 53-57 (1991). Thus, he asserts that the state court's decision rejecting his claim is contrary to, or an unreasonable application of, the Supreme Court's clearly established federal law. However, the court finds that Nash's claim is procedurally defaulted.

The procedural default doctrine prohibits federal courts from hearing particular claims brought by habeas petitioners. Under the doctrine, a federal court cannot hear a claim if it was never presented to the state courts, or if the claim was denied on adequate and independent state law grounds. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). An adequate and independent state ground for dismissal includes a state procedural rule, such as waiver. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Therefore, a state court's finding that a petitioner waived his claim under state law precludes federal court review.

The Wisconsin Court of Appeals' decision triggers application of the procedural default doctrine. The appellate court concluded that Nash waived his right to any probable cause challenge when he entered a "no contest" plea to the charge. The Wisconsin Court of Appeals supported its finding by citing *State v. Kelty*, 2006 WI 101, ¶ 18, 294 Wis.2d 62, 73, 716 N.W.2d 886, 892. In *Kelty*, the Wisconsin Supreme Court stated that a no contest plea waives all nonjurisdictional defects, including constitutional claims. *Id.* Thus, the Wisconsin Court of Appeals

-5-

denied Nash's claim on the adequate and independent state law ground, precluding this court's review of the claim.

**Claim 3: Ineffective Assistance of Counsel**

Nash also argues that he received ineffective assistance of trial counsel because his attorney failed to investigate and review with him the discovery in the case. However, Nash's ineffective assistance claim suffers the same fate as his previous claim. The claim is procedurally defaulted, precluding this court's review.

As noted above, a federal court cannot hear a habeas petitioner's claim if the state court denied the claim on adequate and independent state law grounds. *Perruquet*, 390 F.3d at 514. This typically occurs when the petitioner "failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Miranda v. Leibach*, 394 F.3d 984, 991-92 (7th Cir. 2005).

In the instant case, the Wisconsin Court of Appeals declined to address the merits of Nash's ineffective assistance of counsel claim because he failed to adequately raise the issue in his post-conviction motion. The court stated: "[t]hese assertions are nowhere to be found in his postconviction motion; rather, these assertions are proffered for the first time on appeal. For this reason alone, Nash's claim must be rejected." *Nash*, 2007 WI App at ¶ 14. Further, in reaching its conclusion, the Wisconsin Court of Appeals relied upon a state procedural rule against asserting conclusory allegations in a post-conviction motion, stating:

> A trial court, in its discretion, may deny a postconviction motion without a hearing "if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations." (citation omitted). The same rubrics apply to an ineffective assistance of counsel claim. (citation omitted). To meet this burden, a postconviction movant should specifically allege in factual form the five "w's" and one "h;" that is "who," "what," "where," "when," "why" and "how." Mere conclusory assertions will not suffice.

*Nash*, 2007 WI App at ¶ 13. Thus, the Wisconsin Court of Appeals found that Nash waived his ineffective assistance of counsel claim by failing to adequately present it in his post-conviction motion to the circuit court. This reasoning constitutes adequate and independent state law grounds for the state court's denial of Nash's claim. Accordingly, the claim is procedurally defaulted and it is not subject to federal court review.

**Claim 4: Conviction on False Statements Claim**

Nash further asserts a claim entitled "False Statements," under which he argues that evidence existed in his case raising doubt as to whether he committed the offense. Specifically, Nash argues that the victim's statements were coerced and false. Nash appears to argue that the evidence supporting his charge and conviction was insufficient. However, Nash simultaneously asserts that his attorney failed to adequately investigate the "exculpatory" evidence of the victim's inconsistent statements – suggesting an ineffective assistance of counsel argument. Regardless of the classification, Nash's claim does not merit habeas relief.

First, as the court held above, Nash's claim for ineffective assistance of counsel for failure to investigate or review discovery is procedurally defaulted.

-7-

Second, Nash was convicted based upon his "no contest" plea and not on the fact-finder's weighing of the evidence. His plea to the charge waived any challenge to the sufficiency of the evidence. *See Kelty*, 2006 WI 101 at ¶ 18 (no contest plea waives all nonjurisdictional defects including constitutional claims). Instead, Nash must argue that his plea was involuntary. Nash has not made this argument.

Even if Nash had argued that his plea was involuntary, he cannot make the required showing. Nash asserts that the factual basis the court relied upon in the plea colloquy was insufficient because the victim's statements were false and inconsistent. However, a defendant's guilty plea need not be supported by strong evidence of a factual basis for the plea, but rather need only represent a voluntary and intelligent choice among alternative courses of action open to the defendant. *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993). The court will only find a plea involuntary if it is "impossible to find guilt from the facts stated as the factual basis for the plea." *Id.* (quoting *United States v. Johnson*, 612 F.2d 305, 309 (7th Cir. 1980)). However, it is far from impossible to find guilt in Nash's case based on the factual predicate stated at his plea hearing. Indeed, Nash's hearing transcript illustrates a factual basis supporting a charge of first degree sexual assault of a child:

> THE COURT: And do you understand how those elements relate to the facts in the case? That on July 23rd in the City of Milwaukee you did have sexual contact with Robin who was a person who had not attained the age of 13 years contrary to Wisconsin state statute.
>
> THE DEFENDANT: Yes.

> THE COURT: You will be waiving any possible defense that you may have to the offense charged in the criminal complaint. Waiving your right to challenge the sufficiency of the criminal complaint.
>
> THE DEFENDANT: Yes, sir.

(Plea Hrg. & Sentencing Tr., 4:23-5:10, Docket #13, Ex. H). A court could reasonably determine guilt based on the admitted fact that Nash had sexual contact with a victim who was less than 13 years old. Therefore, Nash's claim fails because he waived challenge to the sufficiency of the evidence by pleading "no contest" and he cannot establish that his plea was involuntary.

**Claim 5: Malicious Prosecution; and**
**Claim 6: *Brady* Violations Claims**

Nash further asserts malicious prosecution and *Brady* violations. He makes a single argument supporting these claims; therefore, the court will address the claims simultaneously. Nash argues that the state failed to provide him with exculpatory evidence of signed statements from police, detectives, and the victim in his case. This act, he argues, demonstrates malice by the prosecution.

However, Nash fails to establish malicious prosecution. In general, malicious prosecution occurs when legal proceedings are maliciously initiated without probable cause and the proceedings terminated in favor of the victim of the prosecution. *See Nelson v. Bulso*, 149 F.3d 701, 703 (7th Cir. 1998). This court resolved each of Nash's preceding claims against him. As a result, Nash cannot establish that either the prosecution lacked probable cause to charge him or that any proceedings were terminated in his favor. Therefore, Nash's claim for malicious prosecution fails.

Further, Nash's *Brady* violation claim is procedurally defaulted. The United States Supreme Court held in *Brady v. Maryland* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Based on this proposition, Nash argues that the prosecution failed to turn over "exculpatory" statements in his case, constituting a due process violation. However, the court again notes that it cannot hear claims which the state court denied based on adequate and independent state law grounds, such as a state procedural rule. *Perruquet*, 390 F.3d at 514; *Miranda*, 394 F.3d at 991-92. The Wisconsin Court of Appeals found that the trial court correctly denied Nash's post-conviction *Brady* violation claim because it lacked the "necessary specificity" required of such motions. *Nash*, 2007 WI App at ¶ 15. The court cited *State v. Allen*, 2004 WI 106, for the proposition that a post-conviction movant must specifically allege "who," "what," "where," "when," "why," and "how," and not simply offer conclusory assertions. *Nash*, 2007 WI App at ¶¶ 13, 15. Thus, the state court based its decision on a state procedural rule and declined to reach the merits of the claim. As a result, the claim is procedurally defaulted, precluding review by this court.

**Claim 6: Due Process Violation for Failure to File for Post-Conviction Relief**

Finally, Nash asserts a violation of due process arising from his trial counsel's failure to file a motion for post-conviction relief or a notice of appeal. However, similar to Nash's previous claim for ineffective assistance of counsel, this claim is

procedurally defaulted. Nash failed to fully and fairly present the claim to the state courts, constituting procedural default.

Nash did assert ineffective assistance of counsel resulting from his trial attorney's failure to file a post-conviction motion in his state appellate brief. However, as covered previously, the Wisconsin Court of Appeals denied this claim because Nash failed to raise it before the state trial court: "These assertions are nowhere to be found in his postconviction motion; rather, these assertions are proffered for the first time on appeal. For this reason alone, Nash's claim must be rejected." *Nash*, 2007 WI App at ¶ 14. Therefore, the Wisconsin Court of Appeals found waiver of the claim. Such a finding constitutes an adequate and independent state law ground for the state court's decision. *Sturgeon*, 552 F.3d at 611 ("When reviewing a petition for a writ of habeas corpus, a federal court will not review a question of federal law if the state decision rested on an adequate and independent state ground for dismissal, including a state procedural rule. (citation omitted). A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground.").

Further, Nash raises the claim regarding his attorney's failure to file a notice of appeal for the first time in his habeas petition. He did not present this issue to the state courts. Thus, Nash procedurally defaulted his claims arising from attorney failure to either file for post-conviction relief or to perfect a direct appeal.

Accordingly,

-11-

Case 2:08-cv-00202-JPS   Filed 04/16/09   Page 11 of 12   Document 30

**IT IS ORDERED** that Nash's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED** and this case is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge