UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DeANTHONY A. NASH,

        Petitioner,

v.                                    Case No. 08-CV-202

RANDALL R. HEPP,

        Respondent.

## ORDER

Petitioner DeAnthony Nash ("Nash") asks the court to reconsider its decision denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court entered its order on April 16, 2009, nearly ten months prior to Nash's recent filing. Nash's original habeas petition challenged his conviction for first-degree sexual assault of a child after entering a "no contest" plea. In his § 2254 petition, Nash alleged that he was being held in violation of the Constitution because: 1) the sentencing court lacked subject matter jurisdiction because the statute under which he was convicted was never properly enacted; 2) he did not receive a probable cause determination within 48 hours of his arrest; 3) he received ineffective assistance of counsel because his attorney failed to investigate and review discovery with him; 4) the court accepted his plea despite statements by the victim which raise doubt as to whether he committed the offense; 5) he was the victim of malicious prosecution; 6) he was the victim of *Brady* violations; and 7) his trial counsel failed to file a motion for postconviction relief or a notice of appeal. The court addressed

each of Nash's claims and concluded that Nash was not entitled to habeas relief on the merits or concluded that the subject claim was procedurally defaulted.

Nash now files a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). He asks the court to reconsider its denial of his final claim for ineffective assistance of counsel based on counsel's failure to file a postconviction motion or a direct appeal. The court concluded in its original order that the claim was procedurally defaulted because the Wisconsin Court of Appeals denied his claim regarding his attorney's failure to file postconviction motions or a direct appeal on the basis of waiver because he had not presented the argument to the state courts. Nash asks the court to amend its judgment based on "newly discovered case law holdings." (Mot. Reconsider., at 3).

Rule 59 requires that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Nash filed his motion nine months after the court entered its judgment denying his petition. Thus, his Rule 59 motion is untimely.

Nash also seeks relief from judgment pursuant to Rule 60(b). He initially argues that reconsideration is warranted because he has newly-discovered evidence. Under Rule 60, a party may obtain relief from a final judgment or order based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59. Fed. R. Civ. P. 60(b)(2). Nash does not merit relief under Rule 60(b)(2) because the relevant case

-2-

law he later "discovered" does not constitute newly-discovered evidence. First, Nash's legal citation is not "evidence." Second, even if it was evidence, it is not "newly-discovered." Nash cites *Betts v. Litscher*, 241 F.3d 594 (7th Cir. 2001), as the newly-discovered case law he relies upon in his motion for reconsideration. However, Nash cited to this case in his original habeas petition. (See Mem. Support Pet. Habeas Corpus, at 13). Therefore, any claims that Nash subsequently uncovered it in the course of his legal research are untrue.

Nash also argues that he merits Rule 60(b) relief because the court committed a manifest error of law by finding procedural default of his ineffective assistance of counsel claim. The court interprets this as a Rule 60(b)(6) argument. Under Rule 60(b)(6), a party may obtain relief from a final judgment or order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A petitioner seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that justify the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). However, "such circumstances will rarely occur in the habeas context." *Id.*

Nash asserts that the Seventh Circuit Court of Appeals' decision in *Betts v. Litscher*, 241 F.3d 594 (7th Cir. 2001), prevents his claim for ineffective assistance of counsel regarding failure to file a postconviction motion or appeal from being procedurally defaulted. In that case, the court granted habeas relief to petitioner Betts after finding that Betts received ineffective assistance on appeal because his appellate attorney withdrew representation without filing a no-merit report and

-3-

because the petitioner never waived his constitutional entitlement to appellate counsel. *Betts*, 241 F.3d at 597. Nash, however, never filed a timely appeal and was not similarly denied counsel on appeal. *Betts* is only relevant here if it holds, as Nash claims, that an ineffective assistance of counsel claim based on failure to file a postconviction motion or appeal can never be procedurally defaulted. However, the Seventh Circuit did not make this statement. Instead, the Seventh Circuit held that Betts was entitled to habeas relief because he lacked assistance of counsel on direct appeal, in contravention of clearly established federal law, and that the state's procedural grounds for denying his requests for counsel on appeal were inadequate. *Id.* at 596. Therefore, *Betts* does not render this court's decision a manifest error of law requiring relief under Rule 60(b).

As a final matter, the court notes that Nash's motion for reconsideration may be a precursor to an attempted appeal of the court's underlying April 2009 decision denying his § 2254 petition and a related request for a certificate of appealability (COA). The court advises Nash that he cannot now pursue an appeal from the court's order on his habeas petition because he did not file a timely notice of appeal. The time for filing an appeal from the district court's decision on a § 2254 petition is governed by Federal Rule of Appellate Procedure 4(a). *See* Rule 11(b) of the Rules Governing Section 2254 ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."). Under the rule, a movant must file a notice of appeal within 30 days after the entry of judgment. Fed. R. App. P.

-4-

4(a). This timeline applies even if the district court grants a COA to the petitioner. *See* Rule 11(b) of the Rules Governing Section 2254 ("A timely notice of appeal must be filed even if the district court issues a certificate of appealability."). The court's order denying Nash's petition for a writ of habeas corpus was entered on April 16, 2009. Therefore, Nash cannot directly appeal the denial of his habeas petition because the time for filing a notice of appeal has long since passed.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #32) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge