UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DeANTHONY A. NASH,

    Petitioner,

v.                Case No. 08-CV-202

RANDALL R. HEPP,

    Respondent.

## ORDER

  Petitioner DeAnthony Nash ("Nash") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the court denied the petition on April 16, 2009. Nash did not appeal the court's decision. However, nine months later, Nash filed a motion for reconsideration pursuant to Rules 59(e) and 60(b), asserting that he had newly-discovered evidence and alleging that the court committed a "manifest error of law" in determining that one of his seven claims was procedurally defaulted because he did not present the issue to the state courts. In his seventh claim, Nash alleged ineffective assistance of counsel based on his trial attorney's failure to file a post-conviction motion or appeal. Nash contested the court's finding of procedural default and cited to the decision of the Seventh Circuit Court of Appeals in *Betts v. Litscher*, 241 F.3d 594 (7th Cir. 2001). The court held that Nash's request for relief under Rule 59(e) was untimely. The court also found that Nash did not warrant Rule 60(b) relief because *Betts* did not state that an ineffective assistance of counsel claim premised upon failure to file a post-conviction motion or appeal can never be

procedurally defaulted.¹ Nash now appeals the court's decision and requests a certificate of appealability and leave to appeal in forma pauperis. The court will deny his requests.

A habeas petitioner who seeks to appeal an unfavorable decision to the Seventh Circuit Court of Appeals must first obtain a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This requirement applies to an appeal from a decision denying a habeas petition, as well as to an appeal from an order denying a Rule 60(b) motion. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007). However, a district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects the petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The required showing for a certificate of appealability is slightly different when the district court dismisses a petitioner's claim on procedural grounds. When a court dismisses a petitioner's constitutional claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists

---

¹The court did not dismiss Nash's motion for reconsideration as a second or successive petition because it challenged this court's procedural ruling, and did not attack a ruling on the merits regarding a constitutional issue. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485. Further, a certificate of appealability for the denial of a Rule 60(b) motion may only issue if the petitioner shows that: 1) jurists of reason would find it debatable whether the court abused its discretion in denying the motion; and 2) jurists of reason would find it debatable whether the underlying habeas petition states a valid claim for the denial of a constitutional right. *Eltayib v. United States*, 294 F.3d 397, 399 (2d Cir. 2002).

Nash cannot show that reasonable jurists would debate that this court correctly denied his motion for reconsideration. A habeas petitioner cannot employ Rule 60(b) to reopen an adverse decision unless "extraordinary circumstances" justify such a step. *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005)). However, the Supreme Court has stated that "such circumstances will rarely occur in the habeas context." *Id.* Nash does not establish any extraordinary circumstances requiring the reopening of this court's decision. Instead, he merely claims to possess "newly-discovered" case law and makes an argument that he could have, but failed to, raise in an appeal from the court's order denying his habeas petition. These circumstances are far from "extraordinary." Nash cannot file a motion for reconsideration and obtain a de facto appeal based solely on case law he earlier overlooked. Instead, "litigants who want to test the correctness of a district court's decision must appeal immediately." *West*, 485 F.3d at 395. To echo the Seventh

Circuit in *West*: "no post-judgment event justifies reopening this decision under Rule 60(b)." *Id.* Therefore, no reasonable jurist would find that the court abused its discretion in denying Nash's Rule 60(b) motion and the court will deny a certificate of appealability.

Nash also seeks leave to appeal in forma pauperis. A petitioner may proceed without the prepayment of fees if he submits an affidavit stating his assets and averring that he is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). A petitioner may not take an appeal in forma pauperis, however, if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in bad faith simply because the district court denied the petitioner a certificate of appealability. *See Walker v. O'Brien*, 26 F.3d 626, 632 (7th Cir. 2000). Instead, an appeal is not taken in good faith when the court finds that no reasonable person could suppose the appeal to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court finds that Nash's appeal is not taken in good faith because no reasonable person could suppose it to have any merit. As this court explained above, Nash failed to provide any "extraordinary circumstances" warranting Rule 60(b) relief from the court's decision denying his § 2254 petition. Nash's motion merely presented a legal argument that could have been made in an appeal from the court's order. Consequently, the court certifies that Nash's appeal is not taken in good faith, pursuant to § 1915(a)(3), and will deny his motion to proceed in forma pauperis on appeal.

Finally, Nash filed a motion for "clarification of Rule 60(b) motion" prior to filing his notice of appeal. Nash's motion requests "clarification" of the court's judgment denying his motion for reconsideration, but proceeds to argue that the court's decision was incorrect. The court will deny the motion for clarification because it constitutes an attempt to re-argue the issues already raised in Nash's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that the petitioner's request for a certificate of appealability (Docket #40) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to file in forma pauperis (Docket #41) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for clarification of Rule 60(b) motion (Docket #35) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge